Matthew D. Resnik (Bar No. 182562)
W. Sloan Youkstetter (Bar No. 296681)
**RHM LAW LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone**: (818) 285-0100
**Facsimile**: (818) 855-7013
matt@RHMFirm.com
sloan@RHMFirm.com

*Attorneys for Debtor*
Krista Ann Huezo

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | ) Case No. 2:23-bk-13644-BB |
| | ) |
| | ) Chapter 7 |
| KRISTA ANN HUEZO, | ) |
| | ) |
| Debtor. ) | **OPPOSITION TO MOTION FOR** |
| | ) **DETERMINATION OF CLAIM OF** |
| | ) **EXEMPTION; DECLARATIONS OF** |
| | ) **KRISTA ANN HUEZO AND VICTOR** |
| | ) **HUEZO** |
| | ) |
| | ) Date:   October 4, 2023 |
| | ) Time:   10:00 a.m. |
| | ) Place:  Courtroom 1539 |
| | )         255 E. Temple Street |
| | )         Los Angeles, CA 90012 |
| | ) |
| | ) |
| | ) |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES**

**BANKRUPTCY JUDGE; MOVANT, GREGG ROBERTS; AND ALL PARTIES IN**

**INTEREST:**

Krista Ann Huezo, the "Debtor" in the above-stated case, hereby opposes the

*Motion for Determination of Claim of Exemption* (the "Motion") [Docket No. 22] filed by

creditor Gregg Roberts ("Movant"), as follows:

**RHM LAW LLP**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................... 3
II.     STATEMENT OF FACTS ...................................................................................... 3
        A.      *Background* ................................................................................................. 3
        B.      *Bankruptcy Case* ....................................................................................... 6
III.    ARGUMENT ............................................................................................................ 6
        A.      *The Debtor does not need to be on title to claim the homestead
                exemption.* ................................................................................................... 6
        B.      *The Debtor's equitable interest in the Residence is property of
                the estate and the secured claims are liabilities of the estate.* ...... 8
                **1.      There was no transmutation.** ...................................................... 9
                **2.      Community funds were used to maintain the
                         Residence and to make the monthly payments on
                         mortgages.** ......................................................................... 10
                **3.      The liens on the Residence are liabilities of the estate.** ............. 11
        C.      *No funds that were allegedly fraudulently obtained were
                funneled into the Residence.* ................................................................ 11
IV.     CONCLUSION ...................................................................................................... 13
**DECLARATION OF KRISTA ANN HUEZO** .................................................. 14
**DECLARATION OF VICTOR HUEZO** ............................................................ 17

# I.    <u>INTRODUCTION</u>

Krista Ann Huezo, the "Debtor" in the above-referenced Chapter 7 case, commenced her bankruptcy case by filing for relief under Chapter 7 of 11 U.S.C. §101 <u>et seq.</u> (the "Bankruptcy Code") on June 12, 2023.  Heide Kurtz is the permanent Chapter 7 Trustee herein (the "Trustee").

Secured creditor Gregg Roberts (the "Movant") asserts that the Debtor is not entitled to claim a homestead exemption for the community equity in the residential property located at 9401 Wayside Drive, Sunland, CA 91040 (the "Residence"), pursuant to California Code of Civil Procedure (the "CCP") §704.730, alleging that:

- The Residence was acquired prior to marriage and the Debtor has never been on title;

- The Debtor and Mr. Huezo have never been married;

- The Debtor transferred any interest she might hold in the Residence to Mr. Huezo through a grant deed recorded in 2008; and

- The exempted equity must be reduced by the amount of the "ill-gotten gains" used to acquire or funnel into the Residence.

The Motion is problematic, is filed in bad faith and should be denied for a variety of reasons, including that it mischaracterizes case law, makes factual assertions without verifying the validity of those statements, provides color commentary for the excerpts of the transcripts for the two meeting of creditors, and makes disparaging remarks towards the Debtor's counsel and the Trustee.

# II.    <u>STATEMENT OF FACTS</u>

*A.    Background*

The Debtor's non-filing spouse, Victor Huezo, acquired the Residence on or about October 9, 2002. Pursuant to the Debtor's *Schedule A/B* [Dockt No. 8], as of the petition date, the Residence was worth approximately $971,000.

RHM LAW LLP

1    The Debtor and Mr. Huezo were married on June 18, 2005.  Attached as **Exhibit**
2  **"A"** and incorporated herein is the marriage certificate.

3    The Debtor and Mr. Huezo do not have a pre- or post-nuptial agreement whereby
4  opting out of community property.  They share a joint bank account and generally
5  comingle funds.

6    The Debtor and Mr. Huezo have lived continuously in the Residence since their
7  marriage.  As set forth in the Debtor's declaration in support of this Opposition, as of the
8  petition date, she resided in the Residence, and she intends to continue to reside there.

9    In or about August 15, 2008, a grant deed from the Debtor to Mr. Huezo was
10 recorded in the Los Angeles County Recorder's Office, Instrument No. 20081472478.  The
11 transfer did not change title to the Residence as title continued to be held as Mr. Huezo's
12 sole and separate property.

13    The Residence has been maintained with community property funds the entirety of
14 the marriage, including all the mortgage payments.

15    Mr. Huezo filed his Chapter 7 bankruptcy case on June 15, 2011 (Case No. 2:11-bk-
16 35922-RK).  Joey Ball filed a non-dischargeability action (the "Adv. Pro.") against Mr.
17 Huezo relating to three loans made to Fremont Investment Holdings, Inc. ("Fremont") and
18 one loan directly to Mr. Huezo (Case No. 2:11-ap-02825-RK).  Mr. Huezo was the sole
19 shareholder of and operated the corporation.  After several years of litigation and appeals,
20 the Bankruptcy Court entered an *Amended Final Judgment* in favor of Mr. Ball on
21 November 5, 2021 [Docket No. 331].

22    The Residence is currently encumbered, as follows:

23  -   U.S. Bank holds the first deed of trust ("DOT") of approximately $559,606.90,
24      as of the petition date.  The First DOT was recorded on November 3, 2017, as
25      Instrument No. 20171267109.

26

27

28

RHM LAW LLP

**4**

1    -    Logix Federal Credit Union holds the Second DOT of approximately

2         $72,956.95, as of the petition date.  The Second DOT was recorded on

3         September 19, 2019, as Instrument No. 20190980055.

4    -    Movant holds the third priority position judgment lien of approximately

5         $859,840, as of the petition date.  The Movant is the assignee of the judgment

6         obtained by Mr. Ball in the adversary proceeding against Mr. Huezo.

7    The liens against the Residence total approximately $1,492,403.85.

8         The two consensual loans are in Mr. Huezo's name, but at all times, the Debtor and

9    Mr. Huezo have used community funds to pay mortgage payments and without question

10   the Debtor holds an equitable interest in the property.

11        The Movant filed a *Motion for Authorization for Issuance of Earning Withholding*

12   *Order against Krista Ann Huezo AKA Krista Ann Godbold, Nondebtor Spouse of*

13   *Judgment Debtor Victor Huezo* on May 4, 2023 (the "Withholding Motion") [Docket No.

14   353] in the Adv. Pro., seeking to garnish the wages of the Debtor as the nonfiling spouse.

15        The Court granted the motion on June 6, 2023 [Docket No. 361].  Attached as

16   **Exhibit "B"** and incorporated herein is the Withholding Motion.

17        Movant explicitly argued in the Withholding Motion that the Debtor and Mr. Huezo

18   were married.  Movant is either misleading the Court now or misled the Court in the

19   context of prosecuting the Withholding Motion. In either instance, the manipulation of the

20   facts to serve the Movant's own interests is clearly in bad faith and for an improper

21   motive.

22        Movant's enforcement of the judgment on the Debtor's wages, as spouse of the

23   judgment debtor, was a contributing factor to the filing of this case.

24   ///

25   ///

26   ///

27   ///

28

RHM LAW LLP

B.      *Bankruptcy Case*

In her *Schedules/Statement*s, the Debtor disclosed all community assets and liabilities, including all assets and liabilities acquired and incurred by Mr. Huezo.

The Debtor also exempted the equity in community assets, including the community interest in the Residence.

The Trustee conducted the initial meeting of creditors on July 17, 2023, and conducted the continued meeting of creditors on August 14, 2023.  Thereafter, the Trustee submitted her *Chapter 7 Trustee's Report of No Distribution* [Docket No. 18].

The deadline to file a non-dischargeability action against the Debtor was September 15, 2023.  No party filed an adversary proceeding against the Debtor.

## III.    <u>ARGUMENT</u>

A.      *The Debtor does not need to be on title to claim the homestead exemption.*

California opted out of the federal exemption system.  *See* Cal. Civ. Proc. Code §703.130.  As a result, "[t]he bankruptcy court decides the merits of state exemptions, but the validity of the exemption is controlled by California law."  *Phillips v. Gilman* (*In re Gilman*), 887 F.3d 956, 964 (9th Cir. 2018); *see Diaz v. Kosmala* (*In re Diaz*), 547 B.R. 329, 334 (B.A.P. 9th Cir. 2016); see also *In re LaFortune*, 652 F.2d 842, 846 (9th Cir. 1981).  Courts have liberally construed "the law and facts to promote the beneficial purposes of the homestead legislation to benefit the debtor."  *Tarlesson v. Broadway Foreclosure Invs., LLC*, 184 Cal.App. 4th 931, 936, 109 Cal.Rptr.3d 319 (2010); *see also In re Pladson*, 35 F.3d 462, 465 (9th Cir. 1994).

California also provides for an "automatic" homestead exemption.  *See* Cal. Civ. Proc. Code §704.720(a).  The automatic homestead exemption protects a debtor "who resides (or who is related to one who resides) in the homestead property at the time of a forced judicial sale of the dwelling."  *In re Gilman*, 887 F.3d at 964; *see In re Anderson*, 824 F.2d 754, 757 (9th Cir. 1987); *see also Diaz*, 547 B.R. at 334 ("The filing of a

1    bankruptcy petition constitutes a forced sale for purposes of the automatic homestead

2    exemption.").

3        Under Cal. Civ. Proc. Code §704.710(c), a "homestead" is "the principal dwelling

4    (1) in which the judgment debtor <u>or the judgment debtor's spouse resided on the date the</u>

5    <u>judgment creditor's lien attached to the dwelling</u>, and (2) in which the judgment debtor or

6    the judgment <u>debtor's spouse resided</u> continuously thereafter until the date of the court

7    determination that the dwelling is a homestead."  This "requires only that the judgment

8    debtor reside in the property as his or her principal dwelling at the time the judgment

9    creditor's lien attaches and continuously thereafter until the court determines the dwelling

10   is a homestead."  *In re Gilman*, 887 F.3d at 964-65; *see In re Elliott*, 523 B.R. 188, 196

11   (BAP 9th Cir. 2014) (*quoting Tarlesson*, 184 Cal. App. 4th at 937).

12       To determine whether a debtor resides in a property for homestead purposes, courts

13   consider the debtor's physical occupancy of the property and the intent to reside there.  *In*

14   *re Gilman*, 887 F.3d at 965; *see Diaz*, 547 B.R. at 335; *Ellsworth v. Marshall*, 196

15   Cal.App. 2d 471, 474, 16 Cal.Rptr. 588 (1961) ("The physical fact of the occupancy and

16   the intention with which the premises are occupied 'are both elements to be considered in

17   determining the actual residence.'") (*quoting Lakas v. Archambault*, 38 Cal.App. 365, 372,

18   176 P. 180 (1918)).

19       In *In re Gilman*, the 9th Circuit stated that:

20           California law rejects Phillips' argument that title to the property is necessary
             to claim a homestead exemption. For instance, *Tarlesson* held that "judgment
21           debtors who continuously reside in their dwellings retain a sufficient
             equitable interest in the property to claim a homestead exemption even when
22           they have conveyed title to another." 184 Cal.App. 4th at 937, 109
             Cal.Rptr.3d 319. The court further noted that "[s]uch a result is consistent
23           with the purpose of California's homestead exemption to protect one's
             dwelling against creditors." *Id.* Likewise, *Elliott* held that conveyance to a
24           third party does not defeat a debtor's right to an automatic exemption,
             "because continuous residency, rather than continuous ownership," controls
25           the analysis. 523 B.R. at 196.

26       Here, as stated previously, although the Debtor does not hold title to the Residence,

27   she physically occupied the property on the petition date and has an intent to continue to

28

**RHM LAW LLP**

**7**

1  reside in the Residence.  Therefore, the Debtor has satisfied her burden to claim the

2  homestead exemption.

3        Movant has not invested the time nor resources to properly investigate the claims

4  that he makes in the Motion and is manipulating bankruptcy law and motion process as

5  leverage against the Debtor. This oppressive conduct has cost the Debtor time and

6  resources without cause or for a legitimate purpose.

7

8        **B.**    *The Debtor's equitable interest in the Residence is property of the estate and*

9             *the secured claims are liabilities of the estate.*

10       Pursuant to 11 U.S.C. §541(a):

11           (a) The commencement of a case under section 301, 302, or 303 of this title
             creates an estate. Such estate is comprised of all the following property,
12           wherever located and by whomever held:

13               (2) All interests of the debtor and the debtor's spouse in community
                 property as of the commencement of the case that is—
14
                     (A) under the sole, equal, or joint management and control of
15                   the debtor; or

16                   (B) liable for an allowable claim against the debtor, or for both
                     an allowable claim against the debtor and an allowable claim
17                   against the debtor's spouse, to the extent that such interest is so
                     liable.
18
19       While §541(a) defines what interests of the debtor are included in the bankruptcy

20  estate, it does not address "the threshold questions of the existence and scope of the

21  debtor's interest in a given asset." *Dumas v. Mantle (In re Mantle)*, 153 F.3d 1082, 1084

22  (9th Cir.1998) (*quoting State of Cal. v. Farmers Mkts., Inc.* (*In re Farmers Mkts., Inc.*),

23  792 F.2d 1400, 1402 (9th Cir. 1986)).  Bankruptcy courts must look to state property law

24  to determine whether, and to what extent, the debtor has any legal or equitable interests in

25  property as of the commencement of the case. *Id.* (*citing Butner v. United States*, 440 U.S.

26  48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)).

27       The California Supreme Court held "that the community property presumption in

28  Family Code section 760 applies not only to dissolution actions but also to a dispute

**RHM LAW LLP**

**8**

1  between one or both spouses and a bankruptcy trustee, and that Evidence Code section 662

2  does not apply when it conflicts with the Family Code section 760 presumption." *Speier v.*

3  *Brace* (*In re Brace*), 9 Cal.5th 903, 935 (Cal. 2020); *see Brace v. Speier* (*In re Brace*), 979

4  F.3d 1228, 1232 (9th Cir. 2020).

5       Here, the Debtor and Mr. Huezo are married as shown by the marriage certificate,

6  attached as **Exhibit "A."**  As stated previously, they do not have a pre- or postnuptial

7  agreement.  As such, the community holds an interest in all the assets acquired and

8  liabilities incurred by Mr. Huezo.  In fact, the Movant argued in Withholding Motion that

9  the Debtor and Mr. Huezo were married (attached as **Exhibit "B"**).  The Movant sought to

10 directly garnish the Debtor's wages, not Mr. Huezo.  The Movant explicitly pointed out in

11 the motion that the Debtor filed a legal separation petition, but never prosecuted the action.

12 He characterized the separation as a "Sham 'Separation.'"

13      Nonetheless, the community interest in the Residence is property of the estate and

14 the liens on the property are community liabilities as follows:

15

16            **1.      There was no transmutation.**

17      Pursuant to California Family Code §850, married persons may by agreement or

18 transfer, with or without consideration: (a) transmute community property to separate

19 property of either spouse; (b) Transmute separate property of either spouse to community

20 property; or (c) Transmute separate property of one spouse to separate property of the

21 other spouse.

22      Pursuant to California Civil Code §5110.730(a), a transmutation of real or personal

23 property is not valid unless made in writing by an express declaration that is made, joined

24 in, consented to, or accepted by the spouse whose interest in the property is adversely

25 affected.

26      The California Supreme Court stated that, "In *MacDonald*, we explained that the

27 transmutation requirements are not satisfied by just "any writing." (*MacDonald*, supra, 51

28

RHM LAW LLP

1   Cal.3d at p. 269, 272 Cal.Rptr. 153, 794 P.2d 911.)" *In re Brace*, 9 Cal.5th at 935.  "The

2   adversely affected party must make an 'express declaration' in an instrument that "contains

3   language which expressly states that the characterization or ownership of the property is

4   being changed." (*Id*. at p. 272, 272 Cal.Rptr. 153, 794 P.2d 911.)." *In re Brace*, 9 Cal.5th

5   at 935.

6       Here, there was no transmutation based on the grant deed recorded in 2008 because

7   there was <u>no change in ownership.</u>  The Residence was acquired prior to marriage as Mr.

8   Huezo's separate property, and the grant deed in 2008 did not alter or change that

9   characterization or ownership as the deed is being granted to Mr. Huezo.  Thus, the grant

10  deed has no effect on the community interest in the Residence.

11

12          **2.      Community funds were used to maintain the Residence and to**

13                  **make the monthly payments on mortgages.**

14      California law provides that separate property stays separate after marriage unless

15  the community makes payments on the property purchased by one of the spouses before

16  marriage.  In that situation:

17          Where community funds are used to make payments on property purchased
            by one of the spouses before marriage 'the rule developed through decisions
18          in California gives to the community a pro tanto community property interest
            in such property in the ratio that the payments on the purchase price with
19          community funds bear to the payments made with separate funds.'

20  *In re the Marriage of Marsden*, 130 Cal.App.3d 426, 436-437 (1982); *In re Marriage of*

21  *Sherman*, 133 Cal.App.4th 795, 802 (2d Dist. Ct. App. 2005).

22      Here, the Debtor and Mr. Huezo have been married for nearly eighteen years.  As

23  stated previously, they have no pre- or post-nuptial agreement.  Therefore, the community

24  has been making payments on the mortgage for nearly eighteen years.  Based on the length

25  of the marriage and the appreciation of the Residence during that period, the community is

26  going to hold a significant interest in the Residence.  Thus, the Debtor appropriately

27  disclosed the Residence in Schedule A/B.

28

RHM LAW LLP

**10**

1

**3.      The liens on the Residence are liabilities of the estate.**

2      The California Supreme Court stated that, "it is a basic feature of the community

3 property system that 'the community estate is liable for a debt incurred by either spouse

4 before or during marriage, regardless of which spouse has the management and control of

5 the property and regardless of whether one or both spouses are parties to the debt or to a

6 judgment for the debt,' unless a statute expressly provides otherwise.  (Fam. Code, § 910,

7 subd. (a).)."  *In re Brace*, 9 Cal.5th at 934.

8      Here, the consensual loans and the judgment lien were incurred during the marriage.

9 Therefore, the current encumbrances on the Residence are liabilities of the estate and they

10 were appropriately disclosed in Schedule D.

11      *C.      No funds that were allegedly fraudulently obtained were funneled into the*

12           *Residence.*

13      The Movant cites *Schoenfeld v. Norberg* for the proposition that the homestead

14 exemption should be reduced by the amount of ill-gotten gains used to acquire or funnel

15 into the homestead property.  *See* Motion, pg. 15-16, ¶B.4., lines 19-24, 1-2.

16      However, the state court thereafter stated that:

17      <u>*But the cases we have mentioned are not controlling here*</u>. In this case, it was
      established that only $274.42 of Norberg's money went into Schoenfeld's
18      homestead. This, as we have seen, was repaid before judgment. Thus
      Schoenfeld's homestead stands as one obtained and declared in a lawful
19      manner, in which no tainted money appears. As such it is entitled to the
      protection of the broad policy underlying all homesteads. If we were to say
20      in this case that, because Norberg's judgment is one based upon fraud,
      Schoenfeld's homestead is subject to execution sale on Norberg's judgment,
21      we would be adding a new subsection to Civil Code section 1241 It may well
      be, as appellant impliedly argues, that such should be the rule. But this is not
22      for us to say. The Legislature has established the homestead exemption and
      may expand or contract it as its wisdom may dictate. The choice is theirs, not
23      ours.

24 (Emphasis added).  *Schoenfeld v. Norberg*, 267 Cal.App.2d 496, 498-99 (Cal. Ct. App.

25 1968).

26      The key fact in *Schoenfed* is that "In each of these cases, <u>*all or substantially all*</u> of

27 the fraudulently obtained funds were funneled into the homestead property."  (Emphasis

28

1   added).  *Schoenfeld v. Norberg*, 267 Cal.App.2d at 498.  Here, the Movants admits he has

2   no evidence and that he never sought to obtain such evidence.  *See* Motion, pg. 22, ¶B.4.,

3   lines 21-25.  Although the Debtor would have no personal knowledge as to the business

4   dealings of Fremont, if the Court so requires, Mr. Huezo can provide evidence of how the

5   funds were used, as the custodian of records for Fremont.  The Debtor and Mr. Huezo

6   believe that Mr. Huezo used none of the funds from Mr. Ball to pay any of the mortgage

7   payments.

8          Nonetheless, the Movant without evidence, mischaracterizes the events and tries to

9   establish a narrative that Mr. Huezo funneled fraudulently obtained funds into the

10  Residence because "It would seem to be a matter of common sense that the mortgage

11  payment is the single largest monthly payment most families have in California. This

12  would be especially true for a hilltop home valued at approximately $1 million." *See*

13  Motion, pg. 16, ¶B.4., lines 4-6.  Based on this arbitrary assumption and without any

14  documentary evidence that would support this assumption, the Movant asserts that the

15  Court should presume that all the "ill-gotten gains" were transferred in the homestead,

16  unless proven otherwise by the Debtor.

17         The Movant goes on to make other unsupported assertions and conclusionary

18  statements in support of his assumption.  However, these assumptions, assertions, and

19  statements do not constitute admissible evidence.  Because the Movant has no evidence of

20  these "ill-gotten gains" being funneled into the homestead, he believes that the burden

21  should be on the Debtor to prove the contrary.  However, "Factual contentions involved in

22  any motion, opposition or other response to a motion, or reply, must be presented, heard,

23  and determined upon declarations and other written evidence. The verification of a motion

24  is not sufficient to constitute evidence on a motion, unless otherwise ordered by the court."

25  Rule 9013-1(i) of the Local Bankruptcy Rules ("LBR").  The Movant failed to submit such

26  evidence.

27

28

RHM LAW LLP

1    The Movant admits that "[t]here would have been no point in Roberts' subpoenaing

2    records from third parties, as no third parties, particularly banks or mortgage companies,

3    are obligated to keep records for more than seven years. The 'funneling' of ill-gotten gains

4    into the homestead was surely completed long before 2016, five years into the litigation

5    between Ball and Huezo." *See* Motion, pg. 22, ¶B.4., lines 21-25.

6    Further, there would be a statute of limitations issue to raise this argument because

7    it was never successfully raised in the litigation between Mr. Huezo and Mr. Ball, nor has

8    any party raised this issue since 2016.

9    In the event the Court seeks additional information, the Debtor requests leave to

10   amend this Opposition with evidence as to how the funds were used, if necessary.

11

12                          **IV.    <u>CONCLUSION</u>**

13   WHEREFORE, the Debtor respectfully requests that the Court deny the Motion and

14   grant such other and further relief as is just and proper under the circumstances.

15   Dated:  September 20, 2023                **RHM LAW LLP**

16

17                                    **By:      /s/ Matthew D. Resnik**
                                              **Matthew D. Resnik**
18                                            **W. Sloan Youkstetter**
                                              *Attorneys for Debtor*
19                                            Krista Ann Huezo

20                                                    .

21

22

23

24

25

26

27

28

**RHM LAW LLP**

**13**

## <u>DECLARATION OF KRISTA ANN HUEZO</u>

I, Krista Ann Huezo, declare as follows:

1.     I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would testify competently with respect thereto. Where facts are alleged upon information and belief, I believe them to be true.

2.     I am the "Debtor" in the above-captioned case. I filed this Chapter 7 case on July 12, 2023.

3.     I make this declaration in support of my opposition to the *Motion for Determination of Claim of Exemption* (the "Motion") [Docket No. 22] filed by creditor Gregg Roberts ("Movant").

4.     Heide Kurtz is the permanent Chapter 7 Trustee herein (the "Trustee").

5.     My spouse, Victor Huezo, acquired a residential property located at 9401 Wayside Drive, Sunland, CA 91040 (the "Residence"), on or about October 9, 2002.

6.     Pursuant to the Debtor's *Schedule A/B* [Dockt No. 8], as of the petition date, the Residence was worth approximately $971,000.

7.     Victor and I were married on June 18, 2005. Attached as **<u>Exhibit "A"</u>** is a true and correct copy of our marriage certificate.

8.     Victor and I do not have a pre- or post-nuptial agreement whereby opting out of community property. We share a joint bank account and generally comingle funds.

9.     We have lived continuously in the Residence since June 18, 2005.

10.     I resided in the Residence on the petition date, and I intend to continue to reside there.

11.     The Residence has been maintained with community property funds the entirety of the marriage, including all the mortgage payments.

12.     In or about August 15, 2008, a grant deed from me to Victor was recorded in the Los Angeles County Recorder's Office, Instrument No. 20081472478. The transfer

RHM LAW LLP

did not change title to the Residence as title continued to be held as Victor's sole and separate property.

13.    Victor filed his Chapter 7 bankruptcy case on June 15, 2011 (Case No. 2:11-bk-35922-RK).  Joey Ball filed a non-dischargeability action (the "Adv. Pro.") against Victor relating to three loans made to Fremont Investment Holdings, Inc. ("Fremont") and one loan directly to Mr. Huezo (Case No. 2:11-ap-02825-RK).

14.    After several years of litigation and appeals, the Bankruptcy Court entered an *Amended Final Judgment* in favor of Mr. Ball on November 5, 2021 [Docket No. 331].

15.    The Residence is currently encumbered, as follows:

-    U.S. Bank holds the first deed of trust ("DOT") of approximately $559,606.90, as of the petition date.

-    Logix Federal Credit Union holds the Second DOT of approximately $72,956.95, as of the petition date.

-    Movant holds the third priority position judgment lien of approximately $859,840, as of the petition date.  The Movant is the assignee of the judgment obtained by Mr. Ball in the adversary proceeding against my husband.

16.    The liens against the Residence total approximately $1,492,403.85.

17.    The two consensual loans are in my husband's name, but at all times, we have used community funds to pay mortgage payments.

18.    The Movant filed a *Motion for Authorization for Issuance of Earning Withholding Order against Krista Ann Huezo AKA Krista Ann Godbold, Nondebtor Spouse of Judgment Debtor Victor Huezo* on May 4, 2023 (the "Withholding Motion") [Docket No. 353] in the Adv. Pro.

19.    The Court granted the motion on June 6, 2023 [Docket No. 361].  The Movant sought to garnish my wages as the nonfiling spouse and explicitly argued that the Victor and I were married.  Attached as **Exhibit "B"** and incorporated herein is the Withholding Motion.

20.     Movant's enforcement of the judgment on my wages, as spouse of the judgment debtor, was a contributing factor to the filing of this case.

21.     In my *Schedules/Statements*, I disclosed all community assets and liabilities, including all assets and liabilities acquired and incurred by my husband.

22.     I also exempted the equity in community assets, including the community interest in the Residence.

23.     The Trustee conducted the initial meeting of creditors on July 17, 2023, and conducted the continued meeting of creditors on August 14, 2023. Thereafter, the Trustee submitted her *Chapter 7 Trustee's Report of No Distribution* [Docket No. 18].

24.     The deadline to file a non-dischargeability action against me was September 15, 2023. No party filed an adversary proceeding.

25.     Although I have no personal knowledge as to the business dealings of Fremont, if the Court so requires, my husband can provide evidence of how the funds were used, as the custodian of records for Fremont. I believe that my husband used none of the funds from Mr. Ball to pay any of the mortgage payments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this September ___, 2023, at _____, California.

By:  SEE NEXT PAGE
_____
Krista Ann Huezo
*Declarant*

RHM LAW LLP

16

1    20.    Movant's enforcement of the judgment on my wages, as spouse of the

2    judgment debtor, was a contributing factor to the filing of this case.

3    21.    In my *Schedules/Statements*, I disclosed all community assets and liabilities,

4    including all assets and liabilities acquired and incurred by my husband.

5    22.    I also exempted the equity in community assets, including the community

6    interest in the Residence.

7    23.    The Trustee conducted the initial meeting of creditors on July 17, 2023, and

8    conducted the continued meeting of creditors on August 14, 2023. Thereafter, the Trustee

9    submitted her *Chapter 7 Trustee's Report of No Distribution* [Docket No. 18].

10    24.    The deadline to file a non-dischargeability action against me was September

11    15, 2023. No party filed an adversary proceeding.

12    25.    Although I have no personal knowledge as to the business dealings of

13    Fremont, if the Court so requires, my husband can provide evidence of how the funds were

14    used, as the custodian of records for Fremont. I believe that my husband used none of the

15    funds from Mr. Ball to pay any of the mortgage payments.

16

17    I declare under penalty of perjury under the laws of the United States of America

18    that the foregoing is true and correct.

19

20    Executed this September 20, 2023, at ___Los Angeles___, California.

21

22

23    By: _____

24    Krista Ann Huezo
    *Declarant*

25

26

27

28

M LAW LLP

1

## <u>DECLARATION OF VICTOR HUEZO</u>

2

3        I, Victor Huezo, declare as follows:

4

5        1.        I have personal knowledge of the facts set forth herein, and if called as a

6   witness, I could and would testify competently with respect thereto.  Where facts are

7   alleged upon information and belief, I believe them to be true.

8        2.        I am the nonfiling spouse of Krista Ann Huezo, the "Debtor" in the above-

9   captioned case.

10       3.        I make this declaration in support of my wife's opposition to the *Motion for*

11  *Determination of Claim of Exemption* (the "Motion") [Docket No. 22] filed by creditor

12  Gregg Roberts ("Movant").

13       4.        I acquired the residential property located at 9401 Wayside Drive, Sunland,

14  CA 91040 (the "Residence") on or about October 9, 2002.

15       5.        The Debtor and I were married on June 18, 2005.  Attached as **Exhibit "A"**

16  is a true and correct copy of our marriage certificate.

17       6.        The Debtor and I do not have a pre- or post-nuptial agreement whereby

18  opting out of community property.  We share a joint bank account and generally comingle

19  funds.

20       7.        The Debtor and I have lived continuously in the Residence since June 18,

21  2005.  The Residence has been maintained with community property funds the entirety of

22  the marriage.

23       8.        In or about August 15, 2008, a grant deed from the Debtor to me was

24  recorded in the Los Angeles County Recorder's Office, Instrument No. 20081472478.  The

25  transfer did not change title to the Residence as title continued to be held as my sole and

26  separate property.

27       9.        I filed my Chapter 7 bankruptcy case on June 15, 2011 (Case No. 2:11-bk-

28  35922-RK).  Joey Ball filed a non-dischargeability action against me relating to three loans

RHM LAW LLP

1   made to Fremont Investment Holdings, Inc. ("Fremont") and one loan directly to me (Case

2   No. 2:11-ap-02825-RK).  I was the sole shareholder of and operated the corporation.  After

3   several years of litigation and appeals, the bankruptcy court entered an *Amended Final*

4   *Judgment* in favor of Mr. Ball on November 5, 2021 [Docket No. 331].

5          10.    The Residence is currently encumbered, as follows:

6   -    U.S. Bank holds the first deed of trust ("DOT") of approximately $559,606.90,

7          as of the petition date.  The First DOT was recorded on November 3, 2017, as

8          Instrument No. 20171267109.

9   -    Logix Federal Credit Union holds the Second DOT of approximately

10          $72,956.95, as of the petition date.  The Second DOT was recorded on

11          September 19, 2019, as Instrument No. 20190980055.

12   -    Movant holds the third priority position judgment lien of approximately

13          $859,840, as of the petition date.  The Movant is the assignee of the judgment

14          obtained by Mr. Ball in the adversary proceeding against Mr. Huezo.

15          11.    The liens against the Residence total approximately $1,492,403.85.

16          12.    The two consensual loans are in my name, but at all times, the Debtor and I

17   have used community funds to pay mortgage payments.

18          13.    As of the petition date, my wife and I resided in the Residence, and I intend

19   to continue to reside there with my wife.

20          14.    In her *Schedules/Statements,* the Debtor disclosed all community assets and

21   liabilities, including all assets and liabilities acquired and incurred by me.

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

RHM LAW LLP                                    18

15.    If the Court so orders, I can provide evidence of how the funds were used, as the custodian of records for Fremont. However, none of the funds from Mr. Ball were used to pay any of the mortgage payments.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this September 20, 2023, at _Los Angeles_, California.

By: _____

Victor Huezo
*Declarant*

# EXHIBIT A



## CERTIFICATE

To order a certified copy of a marriage CERTIFICATE (proof of marriage), include the bride and groom names, date of marriage and the certificate number. Send with fee of $10 per copy to:

Clark County RECORDER
500 South Grand Central Parkway
2nd Floor
P.O. Box 551510
Las Vegas, NV 89155-1510
U S A

## LICENSE

To order a certified copy of a marriage LICENSE, include the bride and groom names, date of marriage and the certificate number. Send money order (U.S. funds only) of $4 per copy to:

Clark County
Marriage Bureau
200 S. Third Street
P.O. Box 551603
Las Vegas, NV 89155-1603
U S A





C392421

TouchSafe®

# CLARK COUNTY, NEVADA
## CERTIFIED ABSTRACT OF MARRIAGE

**GROOM:** HUEZO VICTOR HUGO

**BRIDE:** GODBOLD KRISTA ANN

**DATE OF MARRIAGE:** JUNE 18, 2005

**RECORDED:** JUNE 22, 2005 **BOOK:** 20050622 **INSTRUMENT:** 00292

**APPLICATION:** D821372

This is to certify that this document is a true abstract of the
marriage record filed with the County Recorder of Clark County, Nevada

Frances Deane
Clark County Recorder

**ISSUED:** 07-05-2005 JAU

This copy is not valid unless prepared on Safepaper™ paper,
impressed with the raised seal of the Clark County Recorder.

TRADITIONS SECURITY · ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

CLARK COUNTY NEVADA



# EXHIBIT B

Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Victor Huezo,<br><br>Debtor | Case No.: 2:11-bk-35922-RK<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:11-ap-02825-RK |
|    Joey Ball,<br><br>   Plaintiff/Original Judgment<br>   Creditor,<br><br>   v.<br><br>   Victor Huezo,<br><br>   Defendant/Judgment Debtor | **ASSIGNEE GREGG ROBERTS' NOTICE OF MOTION AND MOTION FOR AUTHORIZATION FOR ISSUANCE OF EARNINGS WITHHOLDING ORDER AGAINST KRISTA ANN HUEZO AKA KRISTA ANN GODBOLD, NONDEBTOR SPOUSE OF JUDGMENT DEBTOR VICTOR HUEZO; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF**<br><br>Date/Time: May 30, 2023, 2:30 PM<br>Courtroom: 1675<br>Judge: Hon. Robert Kwan<br>255 E. Temple, Los Angeles CA 90012<br>[Filed Concurrently with Declarations of Gregg Roberts and Joey Ball, and Proposed Order |

   TO: Judgment Debtor Victor Huezo, Krista Ann Huezo AKA Krista Ann Godbold, and

this Honorable Court:

---

PLEASE TAKE NOTICE that on Tuesday, May 30, 2023, at 2:30 PM, or as soon as the matter may be heard in the Courtroom of the Honorable Robert Kwan, 255 E. Temple Street, Courtroom 1675, Los Angeles, California 90012, Assignee of Record/Judgment Creditor Gregg Roberts ("Roberts") will and hereby does move this Court for an earnings withholding order against the earnings of Krista Ann Huezo, also known as Krista Ann Godbold, the nondebtor spouse of the Judgment Debtor in this case, Victor Huezo.

This Motion is based upon the accompanying summary, Memorandum of Points and Authorities with all exhibits and attachments, documentation contained in the record, the Declarations of Gregg Roberts and Joey Ball, the proposed Order on Motion for Summary Judgment filed and lodged concurrently herewith, a partially completed and modified California Judicial Council form WG-002, the pleadings on file in this case and upon such further oral and documentary evidence as may be presented to the Court at or prior to the hearing on this Motion.

This Motion is being made pursuant to Local Bankruptcy Rules (LBR) 9013 and 9014, California Code of Civil Procedure §§ 706.102, 706.108 and 706.109, California Enforcement of Judgments Law (EJL) generally, California Family Codes §§ 70, 760, 910, and 911; and FRCP 69(a), "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies". If the responsive party desires to respond to the motion, a written opposition must be filed with the Court and served upon the Movant

MOTION FOR EARNINGS WITHHOLDING ORDER

whose name and address appear in the upper-left corner of this Motion no later than 14 days prior to the date set for hearing on this Motion pursuant to LBR 9013-1(f).

Failure to timely oppose this Motion may be deemed consent to the granting or denial of the motion. LBR 9013-1(h).

DATED: April 25, 2023.

Respectfully submitted,

Gregg Roberts, Assignee of Record / Judgment Creditor

**Table of Contents**

A.  INTRODUCTION/SUMMARY ....................................................................5

B.  Assignee Is Entitled to the Earnings Withholding Order ..............................5

C.  Evidence of the Huezos' Marriage to Each Other, and Non-Separation......................7

    1.  Real Property Evidence ...........................................................................7

    2.  The Huezos' Sham "Separation" ............................................................9

D.  The Levying Officer or Registered Process Server Must Issue the Order .................10

E.  Cautionary Note: *Bartenwerfer v. Buckley* ..............................................11

F.  CONCLUSION ......................................................................................12

**Table of Authorities**

**Cases**

*Bartenwerfer v. Buckley*, slip op., 2023 WL 2144417, 598 U.S. ___ ....................................11, 12

*Yolanda's, Inc. v. Kahl & Goveia Commercial Real Estate*, 11 Cal.App.5th 509, 516 (2017) ....12

**Statutes**

CCP § 706.102.............................................................................................2, 10

CCP § 706.108.............................................................................................2, 10

CCP § 706.109.............................................................................................2, 10

Family Code § 70 ..........................................................................................2, 6

Family Code § 760 ........................................................................................2, 6

Family Code § 910 ........................................................................................2, 6

Family Code § 911 ........................................................................................2, 6

## A. INTRODUCTION/SUMMARY

According to the lengthy docket in this case, after approximately 10 years of expensive

litigation involving two appeals, on November 5, 2021, a second amended judgment was

entered in favor of the plaintiff Joey Ball in the amount of $867,901.01 as of October 31, 2021

against the Judgment Debtor in this case, Victor Huezo ("Victor")[1]. DE #331.

Assignee and Judgment Creditor Gregg Roberts ("Roberts") brings this motion for a

"Spousal Withholding Order" to collect his judgment against Victor. Since Krista Ann Huezo,

also or formerly known as Krista Ann Godbold ("Krista"), is Victor's spouse, Roberts is entitled

to an Earnings Withholding Order against her wages, in an effort to at least begin satisfying the

large judgment. Roberts is currently unaware of Victor's place of employment or where he

maintains substantial funds in any deposit or brokerage account. Krista's wages from

employment are currently the only source of which Roberts is aware, from which a stream of

income might be applied toward the satisfaction of the judgment.

## B. Assignee Is Entitled to the Earnings Withholding Order

The wages of the non-debtor spouse are community property liable under Family Code

for the debts of the other spouse:

> Family Code § 910. (a) Except as otherwise expressly provided by statute, the
> community estate is liable for a debt incurred by either spouse before or during
> marriage, regardless of which spouse has the management and control of the

---

[1] For clarity and conciseness, Roberts refers throughout this Motion to the judgment debtor and
his wife by their first names when describing their separate actions.

POINTS AND AUTHORITIES

property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt.

As Judgment Creditor, Assignee is entitled to seek issuance of an Earnings Withholding Order against Krista's earnings by noticed motion pursuant to Code of Civil Procedure (CCP) § 706.109, which states: "An Earnings Withholding Order may not be issued against the earnings of the spouse of the judgment debtor except by court order upon noticed motion."[2]

Here are the other relevant Family Codes:

Family Code § 760. Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during the marriage while domiciled in this state is community property.

Family Code § 910. (a) Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt.

(b) "During marriage" for purposes of this section does not include the period after the date of separation, as defined in Section 70, and before a judgment of dissolution of marriage or legal separation of the parties.

Family Code § 911. (a) The earnings of a married person during marriage are not liable for a debt incurred by the person's spouse **before** marriage….

Family Code § 70. "Date of separation" means the date that a complete and final break in the marital relationship has occurred, as evidenced by both of the following:

(1) The spouse has expressed to the other spouse the intent to end the marriage.

---

[2] See Section D starting on page 10 for discussion of the additional codes in the same Chapter that appear to require the order to be issued by the levying officer or registered process server rather than directly issued by a Court.

(2) The conduct of the spouse is consistent with the intent to end the
marriage.

(b) In determining the date of separation, the court shall take into consideration all
relevant evidence.

## C. Evidence of the Huezos' Marriage to Each Other, and Non-Separation

### 1. Real Property Evidence

Victor Huezo and/or Krista Huezo recorded several real estate documents in Los

Angeles County before the main bankruptcy case or instant adversary proceeding were filed in

2011. One was a Grant Deed pertaining to the real estate located at 624 Locust St, Los Angeles

CA 90065, APN 5453-017-009, Recording number 20080609071, recording date April 9, 2008.

The document describes the Huezos as being married to each other:

> This is an INTERSPOUSAL TRANSFER and this transfer is exempt form reassessment pursuant to §63 of the Revenue an
> Code.
>
> From joint tenancy to community property     **XX** From one spouse to the other spouse
> From both spouses to one spouse           From one spouse to both spouses
>
> Other
>
> **GRANTOR:**
>
> Victor, Huezo             **THIS CONVEYANCE ESTABLISHES SOLE AND SEPARATE**
>    Hugo               **PROPERTY OF A SPOUSE, R & T 11911.**
>
> hereby GRANT(S) to
>
> **Krista Ann Huezo, a Married Woman as her sole and separate property**

Ex. 1, p. 3.

A few months later, Krista granted title to Victor only as his sole and seaprate proeprty"

*[sic]* APN 2549-014-022, corresponding to 9418 Hillrose St, Sunland CA 91040-1717:

1

2

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $0.00  ** R&T 11911

2549-014-022

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

**GRANT DEED**

3

4

[]      computed on full value of property conveyed, or
[]      computed on full value less value of liens or encumbrances remaining at time of sale
[]      unincorporated area     [x]  City of **(Sunland Area)** Los Angeles

5

~~** THIS CONVEYANCE ESTABLISHES THE SOLE AND SEPARATE PROPERTY OF A SPOUSE~~

6

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**KRISTA HUEZO, SPOUSE OF GRANTEE, AND VICTOR H. HUEZO, WHO TOOK TITLE AS VICTOR H. HUEZO**

7

hereby GRANT(S) to   **VICTOR H. HUEZO, A MARRIED MAN AS HIS SOLE AND SEAPRATE PROEPRTY**

8

9

     Ex. 2.[3]

10

11

     On information and belief, based on Ex. 3[4] (*DelvePoint Advanced Person Search*

12

*Results*) and the Declaration of Joey Ball (2:5-10), the Huezos have lived together in the gated

13

hilltop property at 9401 Wayside Dr, Los Angeles, as husband and wife for as long as Joey Ball

14

has known them. Ex. 4.

15

16

     Although Victor's fraudulent intent might theoretically have been formed years earlier,

17

the nondischargeable debt did not arise until money had changed hands and all the elements of

18

19

20

---

21

[3] The document shown as Exhibit 2 contains two internal contradictions. First, the documentary

22

transfer tax paid was zero dollars, yet the document also states that "valuable consideration" was
given in exchange for the conveyance. Second, the sentence on the form stating that the

23

conveyance "ESTABLISHES THE SOLE AND SEPARATE PROPERTY OF A SPOUSE" was
struck through, yet Victor is also described as taking title as "a married man as his sole and

24

[separate property]". If the Huezos oppose this motion, this Court might consider such
contradictions as they shed light on the Huezos' credibility.

25

[4] Movant Roberts discovered "Godbold" to be an alternate surname of Krista through Exhibit 3.

26

Spokeo.com also shows Krista Ann Godbold associated with some of the same addresses
mentioned throughout this document and with the alternate name Krista Ann Huezo.

27

28

POINTS AND AUTHORITIES

8

fraud had been met. Accordingly, the debt arose from fraud that was consummated *after* the

Huezos got married and at a time when they were not separated.

### 2. The Huezos' Sham "Separation"

On June 8, 2011, just 32 days after Ball filed his state court Complaint (Ex. 5, *Ball v.*

*Fremont et al. Register of Actions*) and three and a half months before the adversary proceeding

was filed in this Court, Krista filed a Petition for Legal Separation w/Minor Children in Los

Angeles County Superior Court, Case #ED044160. Ex. 6, *Huezo v. Huezo Register of Actions*.

However, no other documents were filed into that Family Law case after it was opened. The

separation was all for show, as the Huezos saw Ball's tsunami of litigation heading straight for

them but realized that it was too late.

Thus, clearly, anyone who files for legal separation is representing to the Family law

Court that *he or she is married at the time of the filing*. By the time of that filing, the debt

represented by the instant judgment had already been incurred by Victor. He had already been

sued on that debt.

Even had the separation been legitimate, and had it been commenced timely, *that action*

*was never completed*. Not even one more step was taken by either of the Huezos to have the

Family Court recognize the separation through "judgment of dissolution of marriage or legal

separation of the parties," nor did the Family Court do so on its own. And the "conduct" of

Krista was not "consistent with the intent to end the marriage," as she continued to live with

Victor at 9401 Wayside. Ball Dec., 2:5-10. The filing of the petition for separation can therefore

have no probative value in an argument against the granting of this Motion or any other relief, based on any alleged separation of the Huezos.

### D. The Levying Officer or Registered Process Server Must Issue the Actual EWO

Strange as it may seem, with regard to the earnings of a nondebtor spouse, California Code of Civil Procedure (CCP) appears to require a court order *authorizing* the issuance of the actual "Earnings Withholding Order (Wage Garnishment)" ("EWO"), but without the Court actually issuing the EWO:

CCP § 706.102(a). If a writ of execution has been issued to the county where the judgment debtor's employer is to be served and the time specified in subdivision (b) of Section 699.530 for levy on property under the writ has not expired, a judgment creditor may apply for the issuance of an earnings withholding order by filing an application with a levying officer in such county who shall promptly issue an earnings withholding order….

CCP § 706.108(a) If a writ of execution has been issued to the county where the judgment debtor's employer is to be served and the time specified in subdivision (b) of Section 699.530 for levy on property under the writ has not expired, a judgment creditor may deliver an application for issuance of an earnings withholding order to a registered process server who may then issue an earnings withholding order.

CCP § 706.109. An earnings withholding order may not be issued against the earnings of the spouse of the judgment debtor except by court order upon noticed motion.

ARTICLE 5. Procedure for Earnings Withholding Orders and Exemption Claims

https://leginfo.legislature.ca.gov/faces/codes_displayText.xhtml?lawCode=CCP&division=2.&title=9.&part=2.&chapter=5.&article=5.

The EWO form, WG-002, is a Mandatory Use form, which also indicates no option for signature by anyone but the levying officer or registered process server. See the bottom of the

---

POINTS AND AUTHORITIES

first page of the attached form that is proposed to be authorized for issuance in this case (last page of this packet).

### E. Cautionary Note: *Bartenwerfer v. Buckley*

In hopes of preventing the Huezos from dissipating more time, money, and judicial resources than they already have, Roberts takes this opportunity to note that filing for bankruptcy protection will not relieve Krista of liability for the fraud for which her husband was found liable. *Bartenwerfer v. Buckley*, slip op., 2023 WL 2144417, 598 U.S. ___ (February 22, 2023), No. 21-908, the US Supreme Court unanimously found that "the Bankruptcy Code exemption from discharge for debts involving fraud precludes the partner of the individual who committed the fraud from discharging a debt, regardless of her own culpability."

Now that Krista has been so put on notice, Roberts hopes that the Bankruptcy Court will show no leniency with regard to any bankruptcy petition filed by her. Such a petition could only be filed for the improper purposes of delay, increased costs, and other prejudice to Roberts' rights under the judgment and assignment. The possibility that Krista was "only" a domestic partner and not a business partner of Victor's, is irrelevant. Domestic partners ARE business partners in every sense that is needed here. The community estate benefited from Victor's fraud against Ball. Krista almost certainly knew about that fraud as it was going on, but she said nothing to warn Ball or to successfully dissuade Victor. And the Supreme Court says that Roberts need not prove any of those reasonable presumptions, to preserve the nondischargeability of this debt as to Krista. As the *Bartenwerfer* Court noted:

"But the legal context relevant to §523(a)(2)(A)—the common law of fraud—has long maintained that fraud liability is not limited to the wrongdoer. Understanding §523(a)(2)(A) to reflect "agnosticism" as to the identity of the wrong-doer is consistent with the age-old rule of fraud liability." P. 2. "…fraud liability generally requires a special relationship to the wrongdoer…." P. 3.

—which Krista certainly has had all along.

### F.  CONCLUSION

Public policy favors the enforcement of judgments. All the relevant facts and law support granting this Motion. Since Krista's earnings are community property of the community estate and which are liable for the debts of either spouse, and no exceptions apply, her earnings are subject to execution to satisfy Assignee's judgment against Victor.

**WHEREFORE**, Assignee of Record / Judgment Creditor Gregg Roberts respectfully requests that this Court grant the motion and *authorize* the issuance of an earnings withholding order by a levying officer or registered process server against the wages of Krista Ann Huezo AKA Krista Ann Godbold.

# Exhibit 1



**This page is part of your document - DO NOT DISCARD**



## 20080609071

Pages:
003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**04/09/08 AT 08:00AM**

Fee: 34.00

Tax: 0.00

Other: 0.00

Total: 34.00

**Title Company**

**TITLE(S) :** <u>**DEED**</u>



LEAD SHEET

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.        **Number of AIN's Shown**

        **THIS FORM IS NOT TO BE DUPLICATED**        

**Mot EWO, Ex. 1, p. 1 of 4**

2

**RECORDING REQUESTED BY:**

**AND WHEN RECORDED MAIL TO:**

Krista Ann Hvezo

9401 Wayside Dr

Shadow Hills, CA 91040

2

SPACE ABOVE FOR RECORDER'S USE ONLY

Intraspousal Grant Deed

**Title of Document**

DOCUMENT TRANSFER TAX $ _____
— COMPUTED ON FULL VALUE OF PROPERTY CONVEYED
— OR COMPUTED ON FULL VALUE LESS LIENS AND
ENCUMBRANCES REMAINING AT TIME OF SALE
_____    SPR Inc
Signature of Declarant or Agent determining tax  Firm Name

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

Mot EWO, Ex. 1, p. 2 of 4

RECORDING REQUESTED BY
Lawyers Title

AND WHEN RECORDED MAIL TO:

Krista Ann Huezo
9401 Wayside Drive
Shadow Hills CA 91040

A.P.N.:   5453-017-009
Order No.:   2212585
Escrow No.:   SWS8000914-JA

04/09/08

20080609071

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## INTERSPOUSAL GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
THERE IS NO CONSIDERATION FOR THIS TRANSFER and it is exempt from Documentary Transfer Tax pursuant to §11911 of the Revenue and Taxation Code

This is an INTERSPOUSAL TRANSFER and this transfer is exempt form reassessment pursuant to §63 of the Revenue and Taxation Code.

From joint tenancy to community property       XX   From one spouse to the other spouse
From both spouses to one spouse                       From one spouse to both spouses

Other

GRANTOR:

Victor, Huezo            THIS CONVEYANCE ESTABLISHES SOLE AND SEPARATE
   Hugo                  PROPERTY OF A SPOUSE, R & T 11911.

hereby GRANT(S) to

Krista Ann Huezo, a Married Woman as her sole and separate property

the following described property, in the County of Los Angeles, State of California.

Lot 3 of Tract No 1689, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 20, Page(s) 154 and 155 of Maps, in the office of the County Recorder of said County.

Dated: April 4, 2008

STATE OF CALIFORNIA
COUNTY OF  _Los Angeles_          } SS.

On  _4/7/08_          before me
   _Joceline Georges_
a Notary Public, personally appeared
_Victor Hugo Huezo_                                    VICTOR Huezo
                                                           Hugo

who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the same in
his/her/their authorized capacity(ies) and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s), acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature  _Joceline Georges_
                 Signature of Notary

JOCELINE GEORGES
Commission # 1582047
Notary Public - California
Los Angeles County
My Comm. Expires May 26, 2009

(This Area for Notary Seal Only)

MAIL TAX STATEMENTS AS DIRECTED ABOVE

**Mot EWO, Ex. 1, p. 3 of 4**

This is a true and certified copy of the record
if it bears the seal, imprinted in purple ink,
of the Registrar-Recorder/County Clerk

29 MAR 2023

*Dean C. Logan*
REGISTRAR-RECORDER/COUNTY CLERK
LOS ANGELES COUNTY, CALIFORNIA

**Mot EWO, Ex. 1, p. 4 of 4**

**Exhibit 2**



**This page is part of your document - DO NOT DISCARD**



**20081472478**    Pages: 004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**08/15/08 AT 08:00AM**

Fee:  18.00
Tax:  0.00
Other: 0.00
Total: 18.00

Title Company

---

**TITLE(S) :    DEED**



L E A D    S H E E T

**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.    **Number of AIN's Shown**



L.S27852    **THIS FORM IS NOT TO BE DUPLICATED**

**Mot EWO, Ex. 2, p. 1 of 4**

RECORDING REQUESTED BY
**SOUTHLAND TITLE**

AND WHEN RECORDED MAIL TO:

Victor H. Huezo
9401 Wayside Drive
Shadow Hills, CA 91040

Order No.: 18020198
Escrow No.: BU33099-ET
A P N . 2549-014-022



08/15/08

**20081472478**

---

2549-014-022

SPACE ABOVE THIS LINE IS FOR RECORDER'S USE

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS $0.00 ** R&T 11911
[]     computed on full value of property conveyed, or
[]     computed on full value less value of liens or encumbrances remaining at time of sale
[]     unincorporated area     [x]   City of (Sunland Area) Los Angeles
** ~~THIS CONVEYANCE ESTABLISHES THE SOLE AND SEPARATE PROPERTY OF A SPOUSE~~

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**KRISTA HUEZO, SPOUSE OF GRANTEE, AND VICTOR H. HUEZO, WHO TOOK TITLE AS VICTOR H. HUEZO**

hereby GRANT(S) to   **VICTOR H. HUEZO, A MARRIED MAN AS HIS SOLE AND SEAPRATE PROEPRTY**

the following described real property in the County of **Los Angeles**, State of California
**LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF**

Dated. June 17, 2008
STATE OF CALIFORNIA
COUNTY OF _Los Angeles_    } ss

On _8/12/08_ _____ before me
_Joceline Georges_____
a Notary Public, personally appeared
_Krista Huezo & Victor H. Huezo_

_____
who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies)
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s),
acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of
the State of California that the foregoing paragraph is true
and correct

WITNESS my hand and official seal

Signature _Joceline Geo_____
      Signature of Notary

"This is a bonafide gift and the grantor
received nothing in return, R & T 11911."

_K. Huezo_____
KRISTA HUEZO

_Victor_____
VICTOR H HUEZO

JOCELINE GEORGES
Commission # 1582047
Notary Public - California
Los Angeles County
My Comm. Expires May 26, 2009

(This area for official notary seal)
**MAIL TAX STATEMENTS AS DIRECTED ABOVE**

18020198

**Mot EWO, Ex. 2, p. 2 of 4**

3

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lots 31 and 32, of Tract No. 5776, in the City of Los Angeles, County of Los Angeles, State of California, as per Map recorded in Book 179, Page(s) 44 to 47, inclusive of Maps, in the Office of the County Recorder of said County, except therefrom those portions described as follows:

Beginning at the Southwesterly corner of Lot 33 of said Tract;

Thence N 0° 03' 54" West 149.00 feet along the Westerly line of said Lot 33;

Thence N 5° 21' 06" West 50.00 feet;

Thence N 81° 57' 18" West 226.96 feet to the Easterly line of Lot 29 of said Tract 5776, thence S 0° 12' 49" E along said Easterly line 140.00 feet to a point on Northerly sideline of Wayside Drive (30 feet wide) being on a concave Southerly curve with a radius of 140.00 feet; the radial line at this point bears S 10° 48' 05" E;

Thence along said curve through a central angle of 28° 40' 02" an arc distance of 70.05 feet to a tangent line;

Thence S 72° 06' 03" E 28.72 feet to a tangent point on a concave Southerly curve having a radius of 265.00 feet,

Thence along said curve through a central angle of 18° 04' 00" an arc distance of 83.56 feet to a tangent line;

Thence S 54° 04' 03" E 40.17 feet to a tangent curve, concave Northerly and having a radius of 235.00 feet;

Thence through a central angle of 7° 26' 03" 30.49 feet to the point of beginning;

The radial to said last point bears S 28° 29' 54" W

And also except therefrom that portion of Lot 32 described as follows:

Beginning at the Northeasterly corner of said Lot 32;

Thence along the Easterly line of said Lot 32, S 0° 03' 54" E 209.91 feet to the Southwesterly corner of the land described in the deed recorded January 31, 1989 as Instrument No. 89-164920, said Southwesterly corner being distant Northerly along said line, 149.00 feet from the Southwesterly corner being distance Northerly along said line, 149.00 feet from the Southwesterly corner of said Lot;

Thence N 05° 21' 06" W 119.39 feet to a line parallel with and distant Westerly 11.00 feet, measured at right angles, from the Easterly line of said Lot 32;

Thence along said Parallel line, N 00° 03' 54" W 94.85 feet to a point in the Northeasterly line of said Lot 32, said point being on a curve concave Northeasterly, and having a radius of 285.00 feet, a radial line to said curve at said point bears S 20° 15' 11" W;

Thence Southeasterly along the Northeasterly line of said Lot 32 and along said curve, through a central angle of 0° 20' 28", an arc distance of 11.64 feet to the point of beginning.

08 1472478

**Mot EWO, Ex. 2, p. 3 of 4**

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Los Angeles_ }

On _8/12/08_ before me, _Joceline Georges a Notary public_
 Date                              Here Insert Name and Title of the Officer

personally appeared _KrisTa Huezo & VicTor H. Huezo_
                              Name(s) of Signer(s)

---

**JOCELINE GEORGES**
Commission # 1582047
Notary Public - California
Los Angeles County
My Comm. Expires May 26, 2009

Place Notary Seal Above

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct

WITNESS my hand and official seal.

Signature _Joceline Georges_
                              Signature of Notary Public

---

— **OPTIONAL** —

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document*

**Description of Attached Document**

Title or Type of Document _____

Document Date _____ Number of Pages _____

Signer(s) Other Than Named Above _____

**Capacity(ies) Claimed by Signer(s)**

| Signer's Name _____ | Signer's Name _____ |
|---|---|
| ☐ Individual | ☐ Individual |
| ☐ Corporate Officer — Title(s): _____ | ☐ Corporate Officer — Title(s) _____ |
| ☐ Partner — ☐ Limited ☐ General | ☐ Partner — ☐ Limited ☐ General |
| ☐ Attorney in Fact | ☐ Attorney in Fact |
| ☐ Trustee | ☐ Trustee |
| ☐ Guardian or Conservator | ☐ Guardian or Conservator |
| ☐ Other: _____ | ☐ Other _____ |
| Signer Is Representing: _____ | Signer Is Representing _____ |

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

RIGHT THUMBPRINT OF SIGNER — Top of thumb here

© 2007 National Notary Association • 9350 De Soto Ave, P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder Call Toll-Free 1-800-876-6827

08 1472478

**Exhibit 3**

# SEARCH RESULTS

## ADVANCED PERSON SEARCH CRITERIA

**Number of Records:** 3

**Name:** KRISTA ANN HUEZO

**GLBA:** Legal Compliance
**DPPA:** Civil, Criminal, Administrative, or Arbitral Proceeding

## NAMES

KRISTA ANN
HUEZO (F)

KRISTA ANN
GODBOLD (F)

09/##/1975
(47)

Person ID:
2B6C-284Q

Addresses: 13

Bankruptcies: 1

Bankruptcy
Records: 1

Liens: 0

Judgments: 0

Judgments: 0

Most Recent
Bankruptcy
Date:
04/24/2001

Most Recent
Bankruptcy
Record Date:
04/24/2001

## PHONES

(818) 486-6064
(PT)

Location: VAN
NUYS, CA

Listing Name:

## SSN

*REDACTED*

Issued: 1988 in
CALIFORNIA

## SHARED
SSNs

DIANA ITZEL
PEREZ

06/##/1984
(38)

*REDACTED*

Issued: 1988 in
CALIFORNIA

Person ID: XC6R-
T975

## EMAIL
ADDRESSES

khuezo@gmail.c
om - 100%

## ADDRESSES

9401 WAYSIDE
DR, SUNLAND,
CA 91040-1758
LOS ANGELES
(Aug 2002 - Jan
2023)

2503 WHITTIER
DR, LA
CRESCENTA, CA
91214-3056
LOS ANGELES
(Nov 1993 - Nov
2022)

2503 WHITTIER
DR # 8, LA
CRESCENTA, CA
91214-3056
LOS ANGELES
(May 1996 - May
1996)

624 LOCUST ST,
LOS ANGELES,
CA 90065-1603
LOS ANGELES
(Jun 2008 - Oct
2011)

4431 OCEAN
VIEW BLVD,
MONTROSE, CA
91020-1272

## RELATIVES

CHERYL LYN
GODBOLD

1946 (76)

Person ID: WJJB-
CC32

DONNA JOY
GODBOLD

1957 (66)

Person ID:
YV5R-1733

DONNA J
GODBOLD

01/##/1957

Death:
06/28/2000
(43)

HUNTINGTON
BEACH, CA
92649 ORANGE

01/##/1957
(66)

### SSN

#### Records

*REDACTED*

Issued:
1971-1972 in
CALIFORNIA

DYLAN
GODBOLD

## DRIVERS
LICENSES

(None Found)

## PROFESSIONAL
LICENSES

(None Found)

**Mot EWO, Ex. 3, p. 1 of 1**

# Exhibit 4

Huezo Residence – 9401 Wayside Dr – LA Assessor





**Exhibit 5**

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**  BC460985

JOEY BALL VS FREMONT INVESTMENT HOLDINGS INC ET AL

**Filing Courthouse:**   Stanley Mosk Courthouse

**Filing Date:**  05/05/2011
**Case Type:**  Contract/Warranty Breach **-** Seller Plaintiff (no fraud/negligence) (General Jurisdiction)
**Status:**  Court-Ordered Dismissal - Other (Other) 05/29/2012

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BALL JOEY **-** Plaintiff

BAUDUCCO PAUL C. ESQ. - Attorney for Plaintiff

COHEN BARUCH C. ESQ. - Attorney for Defendant

FREMONT INVESTMENT HOLDINGS INC. - Defendant

HUEZO VICTOR **-** Defendant

JORDAN VAHE **-** Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Documents Filed (Filing dates listed in descending order)
Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
06/17/2011

**05/31/2012** Minute Order

**05/29/2012** REQUEST FOR DISMISSAL

**05/29/2012** Request for Dismissal
Filed by Plaintiff/Petitioner

**05/24/2012** Minute Order

**05/21/2012** STATUS REPORT RE PENDING BANKRUPTCY CASES

**01/26/2012** NOTICE OF RULING

**Mot EWO, Ex. 5, p. 1 of 8**

**01/25/2012** Minute Order

**01/10/2012** Status Report
Filed by Plaintiff/Petitioner

**01/10/2012** STATUS REPORT RE PENDING BANKRUPTCY CASES

**09/22/2011** ORDER OF DISMISSAL

**09/22/2011** Order
Filed by Clerk

**09/21/2011** NOTICE OF RULING

**09/21/2011** Notice
Filed by Plaintiff/Petitioner

**09/20/2011** Minute Order

**09/07/2011** NOTICE OF RULING ON DEFENDANT .JORDANS DEMURRER, MOTION TO STRIKE .ND MOTION FOR AN ORDER STAYING ENTIRE ACTION

**08/17/2011** REQUEST FOR DISMISSAL

**08/17/2011** Minute Order

**08/17/2011** PROOF OF SERVICE OF REQUEST FOR DISN1ISSAL OF ALL CAUSES OF ACTION AS TO DEFENDANT VANE JORDAN ONLY

**08/17/2011** Partial Dismissal (with Prejudice)
Filed by Plaintiff/Petitioner

**08/15/2011** DEFENDANT VAHE JORDANS NOTICE OF WITHDRAWAL OF MOTION TO STAY ENTIRE ACTION

**08/10/2011** NOTICE PLAINTIFFS FAILURE TO OPPOSE DEFEN DAM JORDANS DEMURRER, MOTION TO STRIKE AND MOTION FOR AN ORDER STAYING ENTIRE ACTION

**07/19/2011** DEFENDANT VAIIE .PORDANS EX PARTI APPLICATK)N TO ADVANCE IIEARINC ON %`LOT ION TO STAY ENTIRE ACTION

**07/19/2011** Minute Order

**07/19/2011** Declaration
Filed by Defendant

**07/19/2011** Ex-Parte Application
Filed by Defendant

**07/01/2011** Minute Order

**06/28/2011** PROOF OF SERVICE: (1) DEFENDANT VAHE JORDANS NOTICE OF MOTION AND MOTION FOR AN ORDER STAYING ENTIRE ACTION; (2) DEFENDANT VAHF. JORDANS MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ORDER STAYING ENTIRE ACTION; (3) DEFENDANT VAHE JORDA

**06/28/2011** DEFENDANT VAHE JORDANS MEMORANDUM OF POINTS AND AUTHORITIES LN SUPPORT OF MOTION FOR AN ORDER STAYING ENTIRE ACTION

**06/28/2011** DEFENDANT VAHE JORDANS NOTICE OF MOTION AND MOTION FOR AN ORDER STAYING ENTIRE ACTION

**06/28/2011** Motion for an Order
Filed by Defendant/Respondent

**06/24/2011** DEFENDANT VICTOR HUEZOS OPPOSITION TO PLAINTIFFS APPLICATION FOR RIGHT TO ATTACH AND WRIT OF ATTACH M ENT

**Mot EWO, Ex. 5, p. 2 of 8**

**06/22/2011** RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT AFTER HEARING

**06/22/2011** Ord After Hrng-Issue Wrt of Attach
Filed by Plaintiff/Petitioner

**06/20/2011** SUBSTITUTION OF ATTORNEY

**06/20/2011** NOTICE OF RULING

**06/20/2011** PROOF OF SERVICE OF PLAINTIFF VAHE JORDANS SUBSTITUTION OF ATTORNEY

**06/20/2011** Notice of Ruling
Filed by Plaintiff/Petitioner

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   06/17/2011

**06/17/2011** NOTICE OF FILING OF CHAPTER 7 BANKRUPTCY PETITION AND OF AUTOMATIC STAY UNDER II
U.S.C. 362(A) OF THE BANKRUPTCY CODE

**06/17/2011** Notice
Filed by Defendant/Respondent

**06/15/2011** DECLARATION OF VICTOR HUEZO TN RESPONSE TO REPLY TO OPPOSITION TO PLAINTIFFS
APPLICATION FOR RIGHT TO ATTACH AND WRIT OF ATTACHMENT

**06/15/2011** Minute Order

**06/15/2011** LETTER TO JUDGE

**06/15/2011** Miscellaneous-Other
Filed by Plaintiff/Petitioner

**06/14/2011** Minute Order

**06/13/2011** PLAINTIFF JOEY BALLS REPLY IN SUPPORT OF APPLICATION FOR RIGHT TO ATTACH ORDER AND
WRIT OF ATTACHMENT AGAINST DEFENDANT VICTOR HUEZO

**06/13/2011** DEFENDANTS VICTOR HUEZO AND VANE JORDANS NOTICE OF DEMURRER AND DEMURRER TO
COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES (CODE OF CIVIL PROCEDURE 430.10)

**06/13/2011** DEFENDANTS VICTOR HUEZO AND VAHE JORDANS NOTICE OF MOTION AND MOTION TO STRIKE;
MEMORANDUM OF POINTS AND AUTHORITIES (CODE OF CIVIL PROCEDURE 435-437)

**06/13/2011** Demurrer
Filed by Defendant/Respondent

**06/13/2011** Reply/Response
Filed by Plaintiff/Petitioner

**06/03/2011** AFFIDAVIT OF PREJUDICE PEREMPTORY CHALLENGE TO JUDICIAL OFFICER (CODE CIV. PROC.,
170.6)

**06/03/2011** Challenge To Judicial Officer - Peremptory (170.6)
Filed by Defendant/Respondent

**06/03/2011** Opposition Document
Filed by Fremont Investment Holdings, Inc. (Defendant); Victor Huezo (Defendant); Vahe Jordan (Defendant)

**05/25/2011** PROOF OF SERVICE SUMMONS

**05/25/2011** PROOF OF PERSONAL SERVICECIVIL

**05/25/2011** PROOF OF PERSONAL SERVICECIVIL

**05/25/2011** PROOF OF PERSONAL SERVICECIVIL

**Mot EWO, Ex. 5, p. 3 of 8**

**05/25/2011** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

**05/25/2011** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

**05/25/2011** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

**05/25/2011** Proof of Service (not Summons and Complaint)
Filed by Plaintiff/Petitioner

**05/24/2011** MINUTE ORDER

**05/20/2011** NOTICE OF CASE MANAGEMENT CONFERENCE

**05/19/2011** NOTICE OF FILING OF CHAPTER 7 BANKRUPTCY PETITION AND OF AUTOMATIC STAY UNDER 11 U.S.C. 362(A) OF THE BANKRUPTCY CODE

**05/19/2011** Notice
Filed by Defendant/Respondent

**05/16/2011** NOTICE OF RULING

**05/16/2011** Notice
Filed by Plaintiff/Petitioner

**05/13/2011** APPLICATION FOR RIGHT TO ATTACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (ATTACHMENT)

**05/13/2011** NOTICE OF APPLICATION AND HEARING FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (ATTACHMENT)

**05/13/2011** APPLICATION FOR RIGHT TOA1TACH ORDER, TEMPORARY PROTECTIVE ORDER, ETC. (ATTACHMENT)

**05/13/2011** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS APPLICATION FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT AGAINST DEFENDANT FREMONT IN VESTMENT HOLDINGS, INC.; DECLARATIONS OF 30EV BALL AND NICHOLAS KANTER IN SUPPORT THEREOF

**05/13/2011** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS APPLICATION FOR RIGHT TO ATTACH ORI)ER AND WRIT OF ATTACHMENT AGAINST DEFENDANT VICTOR HUEZO; DECLARATIONS OF JOEY BALL AND NICHOLAS KANTER IN SUPPORT THEREOF

**05/13/2011** NOTICE OF APLICAT1ON AND HAR1NG FOR RIGHT TO ATTACH ORDER AND WRIT OF ATTACHMENT (ATTACHMENT) OITIFTI AL

**05/13/2011** Points and Authorities
Filed by Joey Ball (Plaintiff)

**05/13/2011** Points and Authorities
Filed by Joey Ball (Plaintiff)

**05/13/2011** Application for Right to Attach Order, Temporary Protective Order, etc.
Filed by Joey Ball (Plaintiff)

**05/13/2011** Application for Right to Attach Order, Temporary Protective Order, etc.
Filed by Joey Ball (Plaintiff)

**05/13/2011** Notice of Application and Hearing for Writ of Attachment (CCP 484.040)
Filed by Joey Ball (Plaintiff)

**05/13/2011** Notice of Application and Hearing for Writ of Attachment (CCP 484.040)
Filed by Joey Ball (Plaintiff)

**Mot EWO, Ex. 5, p. 4 of 8**

**05/12/2011** MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS EX PARTE
APPLICATION FOR A TEMPORARY PROTECTIVE ORDER AGAINST DEFENDANT FREMONT IN VESTMENT
HOLDINGS, INC.; DECLARATIONS OF JOEY BALL AND NICHOLAS KANTER IN SUPPORT THEREOF

**05/12/2011** Order-Protective
Filed by Plaintiff/Petitioner

**05/12/2011** PLAINTIFFS REQUEST FOR JUDICIAL NOTICE

**05/12/2011** `TEMPORARY PROTECTIVE ORDER

**05/12/2011** Opposition Document
Filed by Defendant/Respondent

**05/12/2011** DEFENDANT'S OPPOSITION TO EX PARTE MOTION FOR A TEMPORARY PROTECTIVE ORDER, ETC

**05/12/2011** Points and Authorities
Filed by Plaintiff/Petitioner

**05/12/2011** Miscellaneous-Other
Filed by Plaintiff/Petitioner

**05/12/2011** BOND

**05/12/2011** Minute Order

**05/12/2011** Bond

**05/12/2011** Ex-Parte Application
Filed by Plaintiff/Petitioner

**05/12/2011** Minute Order

**05/12/2011** Undertaking
Filed by Plaintiff/Petitioner

**05/12/2011** APPLICATION FOR TEMPORARY PROTECTIVE ORDER

**05/11/2011** ORDER TO SHOW CAUSE HEARING

**05/11/2011** NOTICE OF CASE MANAGEM1NT CONFERENCE

**05/11/2011** Notice of Case Management Conference
Filed by Clerk

**05/11/2011** OSC-Failure to File Proof of Serv
Filed by Clerk

**05/05/2011** SUMMONS

**05/05/2011** COMPLAINT FOR: 1. BREACH OF WRITTEN CONTRACT; ETC

**05/05/2011** Complaint
Filed by Joey Ball (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   06/17/2011

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings
Held

**Proceedings Held (Proceeding dates listed in descending order)**

**Mot EWO, Ex. 5, p. 5 of 8**

**05/31/2012** at 08:30 AM in Department 58
Status Conference (Status Conference; Off Calendar) -

**05/24/2012** at 08:30 AM in Department 58
Status Conference - **Held - Continued**

**01/25/2012** at 08:30 AM in Department 58
Status Conference - **Held - Continued**

**09/20/2011** at 08:30 AM in Department 58
Status Conference - **Held - Continued**

**08/17/2011** at 08:32 AM in Department 58
Hearing on Demurrer - without Motion to Strike (DEMURRER; Continued by Court) -

**08/10/2011** at 08:30 AM in Department 58
Case Management Conference - **Not Held - Advanced and Vacated**

**07/19/2011** at 08:30 AM in Department 58
Ex-Parte Proceedings (Exparte proceeding; Denied) -

**07/12/2011** at 08:30 AM in Department 58
Order to Show Cause Re: Failure to File Proof of Service - **Not Held - Advanced and Vacated**

**07/01/2011** at 4:00 PM in Department 58
Ruling on Submitted Matter (Ruling on Submitted Matter; Court makes order) -

**06/15/2011** at 10:00 AM in Department 12
Hearing on Application for Writ of Attachment (CCP 484.040) - **Held - Motion Granted**

**06/14/2011** at 08:30 AM in Department 58
Court Order (Court Order; Court makes order) -

**05/24/2011** at 3:00 PM in Department 58
Court Order - **Held**

**05/12/2011** at 08:30 AM in Department 12
Ex-Parte Proceedings - **Held - Motion Granted**


## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**05/31/2012** Minute order entered: 2012-05-31 00:00:00

**05/31/2012** Proceeding/Event:Status Conference Rolf M. Treu 8:30 am

**05/29/2012** Case Dispo/Manner:Dismissed - Other 18 Days

**05/29/2012** Document:Request and Entry of Dismissal Filed by: Attorney for Plaintiff/Petitioner

**05/24/2012** Minute order entered: 2012-05-24 00:00:00

**05/24/2012** Calendaring:Status Conference 05/31/12 at 8:30 am Rolf M. Treu

**05/24/2012** Proceeding/Event:Status Conference Rolf M. Treu 8:30 am

**01/25/2012** Proceeding/Event:Status Conference Rolf M. Treu 8:30 am

**01/25/2012** Calendaring:Status Conference 05/24/12 at 8:30 am Rolf M. Treu

**01/25/2012** Minute order entered: 2012-01-25 00:00:00

**Mot EWO, Ex. 5, p. 6 of 8**

**01/10/2012** Document:Report-Status Filed by: Attorney for Plaintiff/Petitioner

**09/22/2011** Document:Order Filed by: Clerk

**09/21/2011** Document:Notice Filed by: Attorney for Plaintiff/Petitioner

**09/20/2011** Proceeding/Event:Status Conference Rolf M. Treu 8:30 am

**09/20/2011** Calendaring:Status Conference 01/25/12 at 8:30 am Rolf M. Treu

**09/20/2011** Minute order entered: 2011-09-20 00:00:00

**08/17/2011** Minute order entered: 2011-08-17 00:00:00

**08/17/2011** Proceeding/Event:DEMURRER Rolf M. Treu 8:32 am

**08/17/2011** Document:Partial Dismissal (with Prejudice) Filed by: Attorney for Plaintiff/Petitioner

**08/10/2011** Proceeding/Event:Conference-Case Management Rolf M. Treu 8:30 am

**08/10/2011** Minute order entered: 2011-08-10 00:00:00

**07/19/2011** Proceeding/Event:Exparte proceeding Rolf M. Treu 8:30 am

**07/19/2011** Document:Ex-Parte Application Filed by: Defendant

**07/19/2011** Document:Declaration Filed by: Defendant

**07/19/2011** Minute order entered: 2011-07-19 00:00:00

**07/12/2011** Minute order entered: 2011-07-12 00:00:00

**07/12/2011** Proceeding/Event:OSC-Failure to File Proof of Serv Rolf M. Treu 8:30 am

**07/01/2011** Proceeding/Event:Ruling on Submitted Matter Rolf M. Treu 4:00 pm

**07/01/2011** Minute order entered: 2011-07-01 00:00:00

**06/28/2011** Document:Motion for an Order Filed by: Attorney for Defendant/Respondent

**06/22/2011** Document:Ord After Hrng-Issue Wrt of Attach Filed by: Attorney for Plaintiff/Petitioner

**06/20/2011** Document:Notice of Ruling Filed by: Attorney for Plaintiff/Petitioner

**06/17/2011** Document:Notice Filed by: Attorney for Defendant/Respondent

**06/16/2011** Calendaring:DEMURRER 08/17/11 at 8:32 am Rolf M. Treu

**06/15/2011** Proceeding/Event:Hrng Rt to Attach Ord/Issue Writ Barbara A. Meiers 10:00 am

**06/15/2011** Minute order entered: 2011-06-15 00:00:00

**06/15/2011** Document:Miscellaneous-Other Filed by: Attorney for Plaintiff/Petitioner

**06/14/2011** Minute order entered: 2011-06-14 00:00:00

**06/14/2011** Proceeding/Event:Court Order Rolf M. Treu 8:30 am

**06/13/2011** Document:Reply/Response Filed by: Attorney for Plaintiff/Petitioner

**06/13/2011** Document:Demurrer Filed by: Attorney for Defendant/Respondent

**06/03/2011** Document:Opposition Document Filed by: Attorney for Defendant/Respondent

**06/03/2011** Document:Affidavit of Prejudice--Peremptory Filed by: Attorney for Defendant/Respondent

**05/25/2011** Document:Proof of Service Filed by: Attorney for Plaintiff/Petitioner

**05/25/2011** Document:Proof of Service Filed by: Attorney for Plaintiff/Petitioner

**05/25/2011** Document:Proof of Service Filed by: Attorney for Plaintiff/Petitioner

**Mot EWO, Ex. 5, p. 7 of 8**

**05/25/2011** Document:Proof of Service Filed by: Attorney for Plaintiff/Petitioner

**05/24/2011** Calendaring:Status Conference 09/20/11 at 8:30 am Rolf M. Treu

**05/24/2011** Proceeding/Event:Court Order Rolf M. Treu 3:00 pm

**05/24/2011** Minute order entered: 2011-05-24 00:00:00

**05/24/2011** Special Status Start:Bankruptcy Stay

**05/19/2011** Document:Notice Filed by: Attorney for Defendant/Respondent

**05/16/2011** Document:Notice Filed by: Attorney for Plaintiff/Petitioner

**05/16/2011** Calendaring:Hrng Rt to Attach Ord/Issue Writ 06/15/11 at 10:00 am Barbara A. Meiers

**05/13/2011** Document:Appl/Ntc for Rt to Attach & Order Filed by: Attorney for Plaintiff/Petitioner

**05/13/2011** Document:Appl/Ntc for Rt to Attach & Order Filed by: Attorney for Plaintiff/Petitioner

**05/13/2011** Document:Appl for Attach/Temporary Protect Order Filed by: Attorney for Plaintiff/Petitioner

**05/13/2011** Document:Appl for Attach/Temporary Protect Order Filed by: Attorney for Plaintiff/Petitioner

**05/13/2011** Document:Points and Authorities Filed by: Attorney for Plaintiff/Petitioner

**05/13/2011** Document:Points and Authorities Filed by: Attorney for Plaintiff/Petitioner

**05/12/2011** Document:Undertaking Filed by: Attorney for Plaintiff/Petitioner

**05/12/2011** Proceeding/Event:Exparte proceeding Barbara A. Meiers 8:30 am

**05/12/2011** Minute order entered: 2011-05-12 00:00:00

**05/12/2011** Document:Ex-Parte Application Filed by: Attorney for Plaintiff/Petitioner

**05/12/2011** Document:Miscellaneous-Other Filed by: Attorney for Plaintiff/Petitioner

**05/12/2011** Document:Points and Authorities Filed by: Attorney for Plaintiff/Petitioner

**05/12/2011** Document:Opposition Document Filed by: Attorney for Defendant/Respondent

**05/12/2011** Document:Order-Protective Filed by: Attorney for Plaintiff/Petitioner

**05/11/2011** Document:Notice-Case Management Conference Filed by: Clerk

**05/11/2011** Document:OSC-Failure to File Proof of Serv Filed by: Clerk

**05/05/2011** Document:Complaint Filed by: N/A

**05/05/2011** Case Filed/Opened:Breach Contrct/Warnty (Sellr Pltf)

**Mot EWO, Ex. 5, p. 8 of 8**

# Exhibit 6

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** ED044160

KRISTA ANN HUEZO VS. VICTOR HUGO HUEZO

**Filing Courthouse:** Pasadena Courthouse

**Filing Date:** 06/08/2011
**Case Type:** Legal Separation w/ Minor Children (General Jurisdiction)
**Status:** Open 06/08/2011

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

HUEZO KRISTA ANN **-** Petitioner

HUEZO VICTOR HUGO **-** Respondent

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**
**06/08/2011** Property Declaration (Separate - Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Declaration - UCCJEA (- Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Summons (- Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Petition (For Legal Separation - Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Proceedings Held (Proceeding dates listed in descending order)**
None

**Mot EWO, Ex. 6, p. 1 of 2**

# REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

## Register of Actions (Listed in descending order)

**06/08/2011** Declaration - UCCJEA (- Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Petition (For Legal Separation **-** Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Property Declaration (Separate **-** Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**06/08/2011** Summons (- Filed By: Petitioner: Huezo, Krista )
Filed by Petitioner

**Mot EWO, Ex. 6, p. 2 of 2**

# Declaration of Gregg Roberts

Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re Victor Huezo,<br><br>Debtor | Case No.: 2:11-bk-35922-RK<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:11-ap-02825-RK |
|     Joey Ball,<br><br>    Plaintiff/Original Judgment<br>    Creditor,<br><br>    v.<br><br>    Victor Huezo,<br><br>    Defendant/Judgment Debtor | **DECLARATION OF GREGG ROBERTS<br>IN SUPPORT OF MOTION FOR EARNINGS<br>WITHHOLDING ORDER** |

I am over the age of 18 years and competent to make this Declaration. I have personal knowledge of the matters herein, other than those indicated as being known by information and belief, and I would and could competently testify about them if called to do so.

I became the Assignee of Record in this case on February 3, 2023. DE # 347. By doing so, per California Code of Civil § 680.240, I became the Judgment Creditor.

---

As of the date of signing of this Declaration, I have collected nothing toward the satisfaction of this judgment.

Joey Ball, the original judgment creditor in this case, told me that he had collected nothing toward the satisfaction of this judgment. I am aware of no documents or other evidence to the contrary.

All statements of fact in the accompanying motion are based on my reading of the documents referred to, what I have been told by Joey Ball, and what I have discovered in my investigation of the judgment debtor.

All exhibits to this Motion are true and correct copies of the documents that they purport to be.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Signed at Hemet, California, this 25th day of April, 2023.

Gregg Roberts, Assignee of Record / Judgment Creditor

DECLARATION OF GREGG ROBERTS IN SUPPORT OF
MOTION FOR EARNINGS WITHHOLDING ORDER

2

# Declaration of Joey Ball

Gregg Roberts
43430 E Florida Ave Ste #F-293
Hemet CA 92544
951-330-4450
Assignee of Record and Judgment Creditor, Pro Se

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

In re Victor Huezo,

Debtor

| Case No.: 2:11-bk-35922-RK |
| Chapter 7 Proceeding |
| Adv. Proc. No. 2-11-ap-02825-RK |

Joey Ball,

    Plaintiff/Original Judgment
Creditor,

v.

Victor Huezo,

    Defendant/Judgment Debtor

**DECLARATION OF JOEY BALL
IN SUPPORT OF MOTION FOR EARNINGS
WITHHOLDING ORDER**

    I am over the age of 18 years and competent to make this Declaration. I have personal

knowledge of the matters herein, other than those indicated as being known by information and

belief, and I would and could competently testify about them if called to do so.

    I am the plaintiff and original Judgment Creditor in this case.

1        As of the date of signing of this Declaration, I have collected nothing toward the

2   satisfaction of the Amended Final Judgment in this case, DE #331, entered November 5, 2021,

3   nor any of the other judgments or sanctions orders entered in this case.

4

5        On information and belief, based on the many conversations that I had over the years

6   with Victor Huezo, and based on personal visits to their residence at 9401 Wayside Drive, the

7   Huezos have lived in that residence together as husband and wife ever since they bought that

8   property, as well as before that. I am aware of no evidence that they were separated when Victor

9

10   Huezo incurred the debt underlying the judgment in this case.

11

12        I certify (or declare) under penalty of perjury under the laws of the State of California

13   that the foregoing is true and correct.

14

15

16   Signed at _La Crescenta,_ (city) , _CA_ _____ (state) , this

17   _27th_ day of April, 2023.

18

19

20   _____

21   Joey Ball, Plaintiff / Original Judgment Creditor

22

23

24

25

26

27   DECLARATION OF JOEY BALL IN SUPPORT OF
28   MOTION FOR EARNINGS WITHHOLDING ORDER

2

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

|  |  |
|---|---|
| In re Victor Huezo,<br><br>Debtor | Case No.: 2:11-bk-35922-RK<br>Chapter 7 Proceeding<br>Adv. Proc. No. 2:11-ap-02825-RK |
| Joey Ball,<br><br>Plaintiff/Original Judgment<br>Creditor,<br><br>v.<br><br>Victor Huezo,<br><br>Defendant/Judgment Debtor | **ORDER** |

This Court, having considered Assignee Gregg Roberts' Motion for Authorization for Issuance of Earnings Withholding Order Against Krista Ann Huezo Aka Krista Ann Godbold, Nondebtor Spouse of Judgment Debtor Victor Huezo; the accompanying Memorandum of Points and Authorities and Declarations in Support Thereof, and any other relevant documents and testimony, hereby GRANTS the Motion.

Accordingly, the issuance of an earnings withholding order by a levying officer or registered process server against the wages of Krista Ann Huezo AKA Krista Ann Godbold is hereby authorized, and additional such earnings withholding orders may be issued if Krista Ann Huezo AKA Krista Ann Godbold changes employers.

Dated: _____          _____

Hon. Robert Kwan
United States Bankruptcy Court

ORDER

PROPOSED EARNINGS WITHHOLDING ORDER
[MODIFIED CJC FORM]

WG-002

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY:     STATE BAR NO.: <br> NAME: **Gregg Roberts** <br> FIRM NAME: <br> STREET ADDRESS: 43430 E. Florida Ave. #F-293 <br> CITY: Hemet     STATE: **CA**     ZIP CODE: **92544** <br> TELEPHONE NO.: **951-330-4450**     FAX NO.: <br> E-MAIL ADDRESS: <br> ATTORNEY FOR *(name)*: **Assignee of Record, Pro Se** | LEVYING OFFICER *(Name and address)*: <br> **United States Marshals Service** <br> 350 West 1st Street, Suite 3001 <br> Los Angeles, CA 90012-4545 <br> (213) 620-7676 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 255 E. Temple Street
MAILING ADDRESS: 255 E. Temple Street
CITY: Los Angeles     ZIP CODE: 90012
BRANCH NAME: United States Bankruptcy Court, Central District of California

PLAINTIFF/PETITIONER: Joey Ball
DEFENDANT/RESPONDENT: Victor Huezo

| | | |
|---|---|---|
| **EARNINGS WITHHOLDING ORDER** <br> **(Wage Garnishment)** | LEVYING OFFICER FILE NO.: | COURT CASE NO.: <br> 2:11-ap-02825-RK |

**EMPLOYEE:** *KEEP YOUR COPY OF THIS LEGAL PAPER.*     **EMPLEADO:** *GUARDE ESTE PAPEL OFICIAL.*

**EMPLOYER: Enter the following date to assist your recordkeeping.**
    **Date this order was received by employer** *(specify the date of personal delivery by levying officer or registered process server or the date mail receipt was signed)*:

**TO THE EMPLOYER REGARDING YOUR EMPLOYEE:**

| Name and address of employer | Name and address of employee |
|---|---|
| High Point Academy <br> 1720 Kinneloa Canyon Rd <br> Pasadena CA 91107 | Krista Ann Huezo AKA Krista Ann Godbold <br> 9401 Wayside Drive <br> Sunland CA 91040 |

Social Security No. [✗] on form WG-035    [ ] unknown

1. A judgment creditor has obtained this order to collect a court judgment against your employee. You are directed to withhold part of the earnings of the employee *(see instructions on reverse of this form)*. Pay the withheld sums to the **levying officer** *(name and address above)*.

 If the employee works for you now, you must **give the employee a copy of this order and the *Employee Instructions* (form WG-003)** within 10 days after receiving this order.

 **Complete both copies of the form *Employer's Return* (form WG-005)** and **mail them to the levying officer** within 15 days after receiving this order, whether or not the employee works for you.

2. The total amount due is: $859,840.21 plus $36.64 per day interest from April 2, 2023

 Count 10 calendar days from the date when you received this order. If your employee's pay period ends before the 10th day, **do not** withhold earnings payable for that pay period. **Do** withhold from earnings that are payable for any pay period ending on or after that 10th day.

 Continue withholding for all pay periods until you withhold the amount due. The levying officer will notify you of an assessment you should withhold in addition to the amount due. Do not withhold more than the total of these amounts. Never withhold any earnings payable before the beginning of the earnings withholding period.

3. The judgment was entered in the court on *(date)*: November 5, 2021

 The judgment creditor *(if different from the plaintiff)* is *(name)*: Gregg Roberts

4. The *INSTRUCTIONS TO EMPLOYER* on the reverse tell you how much of the employee's earnings to withhold each payday and answer other questions you may have.

Date:

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE)
[ ] LEVYING OFFICER    [ ] REGISTERED PROCESS SERVER

(Employer's Instructions on reverse)

          **Page 1 of 2**

Form Adopted for Mandatory Use
Judicial Council of California
WG-002 [Rev. July 1, 2016]

**EARNINGS WITHHOLDING ORDER**
**(Wage Garnishment)**

Code of Civil Procedure, §§ 706.022, 706.108, 706.125
*www.courts.ca.gov*

INSTRUCTIONS TO EMPLOYER ON
EARNINGS WITHHOLDING ORDERS

WG-002

The instructions in paragraph 1 on the reverse of this form describe your early duties to provide information to your employee and the levying officer.

Your other duties are TO WITHHOLD THE CORRECT AMOUNT OF EARNINGS (if any) and PAY IT TO THE LEVYING OFFICER during the *withholding period*.

The withholding period is the period covered by the *Earnings Withholding Order* (this order). The withholding period begins 10 calendar days after you receive the order and continues until the total amount due, plus additional amounts for costs and interest (which will be listed in a levying officer's notice), is withheld.

It may end sooner if (1) you receive a written notice signed by the levying officer specifying an earlier termination date, or (2) an order of higher priority (explained on the reverse of the *Employer's Return* (form WG-005) is received.

You are entitled to rely on and must obey all written notices signed by the levying officer.

The *Employer's Return* (form WG-005) describes several situations that could affect the withholding period for this order. If you receive more than one *Earnings Withholding Order* during a withholding period, review that form (*Employer's Return*) for instructions.

If the employee stops working for you, the *Earnings Withholding Order* ends after no amounts are withheld for a continuous 180-day period. If withholding ends because the earnings are subject to an order of higher priority, the *Earnings Withholding Order* ends after a continuous two-year period during which no amounts are withheld under the order. **Return the Earnings Withholding Order to the levying officer with a statement of the reason it is being returned.**

## WHAT TO DO WITH THE MONEY

The amounts withheld during the withholding period must be paid to the levying officer by the 15th of the next month after each payday. If you wish to pay more frequently than monthly, each payment must be made within 10 days after the close of the pay period.

Be sure to mark each *check with the case number, the levying officer's file number, if different, and the employee's name* so the money will be *applied to the correct account.*

## WHAT IF YOU STILL HAVE QUESTIONS?

The garnishment law is contained in the Code of Civil Procedure beginning with section 706.010. Sections 706.022, 706.025, 706.050, and 706.104 explain the employer's duties.

The Federal Wage Garnishment Law and federal rules provide the basic protections on which the California law is based. Inquiries about the federal law will be answered by mail, telephone, or personal interview at any office of the Wage and Hour Division of the U.S. Department of Labor. Offices are listed in the telephone directory under the U.S. Government listing.

## COMPUTATION INSTRUCTIONS

California law provides how much earnings to withhold, if any, for different amounts of disposable earnings and different pay periods, and takes into consideration different minimum wage amounts. The method of calculation is at Code of Civil Procedure section 706.050 and is described in the column to the right. You may also look on the California Courts Self-Help website for assistance in determining the maximum withholding amounts for different amounts of disposable income, for different pay periods, and with different minimum wage amounts. The information is at *www.courts.ca.gov/self-help-employerwagecivil.htm.*

*THESE COMPUTATION INSTRUCTIONS APPLY UNDER NORMAL CIRCUMSTANCES. THEY DO NOT APPLY TO ORDERS FOR THE SUPPORT OF A SPOUSE, FORMER SPOUSE, OR CHILD.*

State law limits the amount of earnings that can be withheld. The limitations are based on the employee's disposable earnings, which are different from gross pay or take-home pay.

(A) To determine the CORRECT AMOUNT OF EARNINGS TO BE WITHHELD (if any), first compute the employee's *disposable earnings.*

Earnings include any money (whether called wages, salary, commissions, bonuses, or anything else) that is paid by an employer to an employee for personal services. Vacation or sick pay is subject to withholding as it is received by the employee. Tips are generally not included as earnings because they are not paid by the employer.

*Disposable earnings* are the earnings left after subtracting the part of the earnings a state or federal law requires an employer to withhold. Generally these required deductions are (1) federal income tax, (2) federal social security, (3) state income tax, (4) state disability insurance, and (5) payments to public employee retirement systems. Disposable earnings will change when the required deductions change.

(B) After the employee's disposable earnings are known, to determine what amount should be withheld, you may look to the statute, follow the directions below in (C), or seek assistance on the California Courts Self-Help website at *www.courts.ca.gov/self-help-employerwagecivil.htm.* Note that you also need to know the amount of the minimum wage in the location where the employee works.

(C) Calculate the maximum amount that may be withheld from the employee's disposable earnings, which is the *lesser* of the following two amounts:

- 25 percent of disposable earnings for that week; **or**
- 50 percent of the amount by which the employee's disposable earnings that week exceed the applicable minimum wage. If there is a local minimum wage in effect in the location where the employee works that exceeds the state minimum wage at the time the earnings are payable, the local minimum wage is the applicable minimum wage.

To calculate the correct amount, follow the steps below:

Step 1: Determine the applicable minimum wage per pay period.

- For a daily or weekly pay period, multiply the applicable hourly minimum wage by 40.
- For a biweekly pay period, multiply the applicable hourly minimum wage by 80.
- For a semimonthly pay period, multiply the applicable hourly minimum wage by 86 2/3.
- For a monthly pay period, multiply the applicable hourly minimum wage by 173 1/3.

Step 2: Subtract the amount from Step 1 from the employee's disposable earnings during that pay period.

Step 3: If the amount from Step 2 is less than zero, do not withhold any money from the employee's earnings.

Step 4: If the amount from Step 2 is greater than zero, multiply that amount by one-half.

Step 5: If the amount from Step 4 is lower than 25 percent of the employee's disposable earnings, withhold this amount. If it is greater than 25 percent of the employee's disposable earnings, withhold 25 percent of the disposable earnings.

Occasionally, the employee's earnings will also be subject to a *Wage and Earnings Assignment Order*, an order available from family law courts for child, spousal, or family support. The amount required to be withheld for that order should be deducted from the amount to be withheld for this order.

---

## IMPORTANT WARNINGS

1. IT IS AGAINST THE LAW TO FIRE THE EMPLOYEE BECAUSE OF *EARNINGS WITHHOLDING ORDERS* FOR THE PAYMENT OF ONLY ONE INDEBTEDNESS. No matter how many orders you receive, so long as they all relate to a single indebtedness (no matter how many debts are represented in that judgment), the employee may not be fired.

2. IT IS ILLEGAL TO AVOID AN *EARNINGS WITHHOLDING ORDER* BY POSTPONING OR ADVANCING THE PAYMENT OF EARNINGS. The employee's pay period must not be changed to prevent the order from taking effect.

3. IT IS ILLEGAL NOT TO PAY AMOUNTS WITHHELD FOR THE *EARNINGS WITHHOLDING ORDER* TO THE LEVYING OFFICER. Your duty is to pay the money to the levying officer who will pay the money in accordance with the law that applies to this case.

*IF YOU VIOLATE ANY OF THESE LAWS YOU MAY BE HELD LIABLE TO PAY CIVIL DAMAGES AND YOU MAY BE SUBJECT TO CRIMINAL PROSECUTION!*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1270 Lincoln Ave. Ste. 100, Pasadena, CA 91103

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR
AUTHORIZATION FOR ISSUANCE OF EARNINGS WITHHOLDING ORDER AGAINST KRISTA ANN HUEZO
AKA KRISTA ANN GODBOLD, NONDEBTOR SPOUSE OF JUDGMENT DEBTOR VICTOR HUEZO;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

I have no access to CM/ECF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __05/01/2023____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.
Krista Ann Huezo, Female/White, H: 5'7   W:160   Age:45   Hair: BRN   Eyes:BRN
I served Huezo the papers at High Point Academy, 1720 Kinneloa Canyon Rd, Pasadena CA 91107, at approximately 3:15pm. This service was conducted in view of the school's receptionist, Ruth Shankweiler. Huezo's response to being served was, "This has nothing to do with me."

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 05/02/2023 | Trevon Sailor - CA PI License 189501 | |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

43430 E Florida Ave, # F, Hemet  CA  92544

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION FOR
AUTHORIZATION FOR ISSUANCE OF EARNINGS WITHHOLDING ORDER AGAINST KRISTA ANN HUEZO
AKA KRISTA ANN GODBOLD, NONDEBTOR SPOUSE OF JUDGMENT DEBTOR VICTOR HUEZO;
MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION IN SUPPORT THEREOF
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

I have no access to CM/ECF.

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 05/01/2023, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed. *(Assignee of Record)*

Hon. Robert Kwan
255 E. Temple St, Ste 1682
/ Courtroom 1675
Los Angeles CA 90012

← As to this Service, I, Gregg Roberts, delare under penalty
of perjury that I will mail the judge's copy within 24 hrs
of filing. 5/4/23.
My address is on P. 1 of the Motion.

Priority

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 5/1/2023, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Victor Huezo, 9401 Wayside Dr, Sunland CA 91040

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

05/01/2023     Vito A. Vitale III
Date          Printed Name                                    Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

17609 Ventura Blvd., Suite 314
Encino, CA 91316

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION TO MOTION FOR DETERMINATION OF CLAIM OF EXEMPTION; DECLARATIONS OF
KRISTA ANN HUEZO AND VICTOR HUEZO _____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_09/20/2023_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _09/20/2023_____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _09/20/2023_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Debtor via email: not listed for privacy reasons

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/20/2023 | Max Bonilla | /s/Max Bonilla |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

1.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) [CONTINUED]**:

- Kathy Dockery         efiling@latrustee.com
- <u>Counsel for Debtor:</u> Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- United States Trustee (LA)      ustpregion16.la.ecf@usdoj.gov
- <u>Counsel for Logix FCU:</u> Sihumara B. Rivera srivera@lfcu.com
- <u>Counsel for Cab West:</u> Sheryl K Ith sith@cookseylaw.com

2.  **SERVED BY UNITED STATES MAIL [CONTINUED]**:

Judge's Copy
Hon. Judge Sheri Bluebond
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

Gregg Roberts
43430 E Florida Ave #F-293
Hemet, CA 92544